IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 17-41679-13-btf |
| Francis Umunna Okafor and | ) | |
| Dorathy Chinyere Okafor, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

## ORDER

Before this Court is the Debtor's Amended Objection to Notice of Postpetition Mortgage Fees, Expenses and Charges filed by Bank of New York Mellon (the "Bank" or "Creditor"). This is a core proceeding under 28 U.S.C. §157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§1334(b), 157(a) and (b)(1). For the reasons set forth below, the Debtor's Objection is overruled in part and sustained in part.

## I.    BACKGROUND

The facts in this case are undisputed. The Debtors' homestead was used as collateral for a loan currently held by the Bank. As of the date of the Debtors' bankruptcy filing, they were current on their payments.

The Bank retained Prober & Raphael (the "Attorneys"), a national law firm based in California, to review the Debtors' Plan and prepare the proof of claim. The particular attorneys were not licensed in Missouri nor admitted before this Court.

The Attorneys reviewed the Plan and subsequently filed the Proof of Claim. The Attorneys later filed their Notice of Postpetition Mortgage Fees, Expenses and Charges (the "Notice") in which they request two sets of fees: $550 for preparing the Proof of Claim, and $350 for reviewing the Plan (collectively, the "Attorneys' Fees").

The Debtors begin by pointing out that a proof of claim need not be filed by an attorney as it is often a ministerial act.  They then make the following arguments: 1) that there were no triggering events pursuant to either the Promissory Note (the "Note") or the Deed of Trust to authorize payment of the Attorneys' Fees; 2) that the Attorneys failed to comply with Bankruptcy Rule 9010(b) which requires them to file a notice of appearance; 3) that under the Missouri statutes, attorney's fees are restricted to those who are licensed or otherwise admitted in this jurisdiction; 4) that if non-attorneys performed the work, then those fees cannot be collected from the Debtors; 5) that the Bank's action to incur debt to file a proof of claim for an account that was current was not reasonable; and 6) that the Bank's escrow statement lacked the specificity required under Bankruptcy Rule 3001(c)(2)(C).

The Bank counters that the filing and preparation of a proof of claim is not the unauthorized practice of law falling within the Missouri statute or under Rule 9010.  It also claims that the bankruptcy filing itself was a triggering event under the Deed of Trust/Security Instrument. Essentially, it argues that the Bank complied with local and national rules and is entitled to be reimbursed for its reasonable fees.

In the Court's view, and as Debtors concede in the amended objection, three questions remain in assessing the claimed attorneys' fees:  (1) are the Attorneys' Fees authorized by the Note or Deed of Trust; (2) Did the Attorneys engage in the unauthorized practice of law and therefore, are not entitled to attorneys' fees; and (3) if the Attorneys' Fees are authorized, are the requested fees reasonable?  For the reasons set forth below, the Court finds that the Attorneys' Fees are authorized, but the amount requested is not reasonable.

## II.    DISCUSSION

**A.    Are the Attorneys' Fees authorized by the Note or Deed of Trust?**

Pursuant to Rule 3001(b), a creditor or the creditor's agent [such as the creditor's attorney] may execute a proof of claim.  Pursuant to Rule 3002.1(e), the bankruptcy court can "determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law…."

In this case, the underlying agreement consists of the Note and Deed of Trust.  As the Debtors mention, attorneys' fees are authorized under Paragraph 7(E) of the Note only if the Bank accelerates the Note.  Since the Debtors were current on their payments, this provision was not triggered.  The Bank does not dispute this.  However, Paragraph 9 of the Deed of Trust states that if "there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy…), then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument….Lender's actions can include …paying reasonable attorney's fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding."

The plain language of the Deed of Trust authorizes the allowance of attorneys' fees in the case of the Debtors' bankruptcy filing.  Debtors argue that the mere filing of the Chapter 13 does not significantly affect Creditor's rights and interest because the account was current. Whether or not the Debtors were in default is irrelevant.  The plain language of paragraph 9 states that if there is a legal proceeding that **might** affect Lender's interest in the property then Lender may do whatever is reasonable to protect its rights.  (emphasis added).  A bankruptcy filing was specified in paragraph 9 and certainly "might" affect the Lender's interest in the property.

Debtors only cited authority is to *In re Rangel*, 408 B.R. 650 (Bankr. S.D. Tex. 2009),

which they claim holds that this exact language does not authorize a secured creditor to recover

attorney fees because the mere filing of a Chapter 13 does not significantly affect a home lender's

security interest in a debtor's homestead.  First, the Court notes that this case is not controlling

authority.  Second, Debtors failed to mention the case history as to the Valazquez debtors in

*Rangel*.  The deed of trust language in that case was the same as the language here, and the Fifth

Circuit reversed and remanded the *Rangel* holding as to those debtors for an order from the district

court allowing the requested attorney fees, which impliedly reversed the bankruptcy court's

holding that the filing of a Chapter 13 case does not significantly affect the creditor's rights.  *See*

*In re Valazquez*, 660 F.3d 893 (5th Cir. 2011).

This Court agrees that a Chapter 13 case can have a significant effect on a lender's interest

in its property or rights under the security agreement.  There is always uncertainty surrounding

secured property upon the filing of a Chapter 13 case regardless of what the Code says should

happen with the property.  Debtors often try to do things with the property other than cure and

maintain such as sell or pay off the debt.  Reviewing the plan and filing a proof of claim are

unquestionably appropriate actions to protect a lender's interest in estate property.  Thus, under

the plain language of the Deed of Trust, the triggering event of the Debtors' filing a Chapter 13

petition authorizes reasonable attorneys' fees.

**B.      Did the Attorneys engage in the unauthorized practice of law and therefore are not
entitled to claim attorneys' fees?**

Debtors contend that the Attorneys were engaged in the unauthorized practice of law in

Missouri by charging for legal services to review the plan and file a proof of claim while failing

to be admitted in this jurisdiction.

"The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United

States Code…and shall be construed to secure the just, speedy, and inexpensive determination of

every case and proceeding." Fed. R. Bankr. P. 1001.  "The federal courts must be able to

exercise this inherent power and make determinations as to what is or is not the practice of law

free from the licensing requirements of [state law]." *State Unauthorized Practice of Law Comm.*

*V. Paul Mason & Assocs., Inc., et al.*, 46 F.3d 469, 472 (5th Cir. 1995).  As such, federal courts

maintain the inherent authority to regulate the practice of law in the federal arena.  *Id.*  If

necessary, the bankruptcy court can look to state law for guidance in determining the boundaries

for the practice of law in bankruptcy.  *See* 5 Norton Bankr. L. Adviser 12 (1999).

Debtors contend that the Attorneys failed to comply with Rule 9010 (a) & (b).  Rule 9010

governs the authority of persons or entities to act in bankruptcy proceedings and states in

relevant part that a debtor, creditor or other party may appear in a case and act on the entity's

own behalf or by an attorney authorized to practice in the court, and that an attorney must file a

notice of appearance.  This Rule is not applicable here because the Attorneys did not appear

before the Court.

Debtors also assert that Western District of Missouri Local Rule 83.5(a) only allows

members of the Western District's bar, attorneys admitted *pro hac vice*, and individuals

representing themselves to appear or practice before this District.  Other than these rules, Debtors

have not provided any authority as to what constitutes the practice of law in Missouri and

whether the mere filing of a proof of claim and reviewing a plan are considered practicing law in

this district.  Debtors cite to an Eastern District of North Carolina bankruptcy case in which the

judge outlined a four part test for a creditor to receive attorney's fees, one of which was that the

legal services be provided by an attorney admitted to the practice of law in that district and

before that court.  *In re Barrett*, 10-0584-8-RDD (Bankr. E.D.N.C. 2011).  However, that

comment about attorney's fees was merely dicta.  The issue was not litigated in the case and no

authority was cited for the proposition.  Further, the court offered no reasons for its decision.

Debtors claim that the factors in that case incorporate what has been outlined in *In re Woods*

*Auto Gallery, Inc.*, 379 B.R. 875, 884 (Bankr. W.D. Mo. 2007).  But while the *Woods* case does

discuss the reasonableness of attorneys' fees it does not set forth factors such as those in the

*Barrett* case.  Debtors also cite a Missouri Bar Informal Ethics Opinion 940177 which relates to

Mo. Rule 5.5 and the unauthorized practice of law.

The informal opinion provides the following guidance:

QUESTION: Does the preparation, supervision of execution and recording a deed by an

out of state lawyer who is not licensed in Missouri constitute the unauthorized practice of law in

Missouri?  ANSWER: Not if all of the work is done in the other state.

However, this ethics opinion strengthens Lender's argument, not Debtors'.  If the

preparation and filing of the proof of claim and review of the plan was all done outside of

Missouri then it was not the unauthorized practice of law in Missouri by the out of state

Attorneys.  Similarly, in *In re Buck*, 219 B.R. 996 (Bankr. W.D. Tenn. 1998), a large, out-of-

state law firm had filed a written request for notices.  In that case, as here, the district's local

rules were silent as to specific tasks that require *pro hac vice* admission of an out-of-state

attorney.  *Id.* At 1000. The court determined that *pro hac vice* admission was not required unless

a motion seeking affirmative relief, a complaint, or a responsive pleading is filed.  Similarly, in

the matter before this Court, the review of a plan and filing of a proof of claim is not an

appearance or practice before this Court.  The Court agrees that some type of appearance in a

contested matter or adversarial proceeding or filing an adversarial pleading is required.

Something more that an out-of-state attorney's review of a Chapter 13 plan and preparing and filing a proof of claim (and the Notice of Fees that supplements such proof of claim) while in that other state is required to meet the threshold of unauthorized practice of law in Missouri. Here, the Attorneys reviewed the plan and prepared and filed a proof of claim while in California. They did not appear before this Court or file a contested or adversarial pleading or perform any of the tasks while in Missouri. The Court finds that reviewing a plan and preparing and filing a proof of claim while in California do not amount to an unauthorized practice of law in Missouri such that *pro hac vice* admission is required.

### C. Are the requested Attorneys' Fees reasonable?

Because the Court has determined that the documents provide that the Lender can seek attorneys' fees and that the Attorneys did not engage in the unauthorized practice of law and could request fees, it must now determine whether the requested fees are reasonable.

The general rule, pursuant to 11 U.S.C. § 506(b), is that a secured creditor is entitled to augment its claim by fees, costs and charges incurred if they are reasonable in amount and provided for by the agreement under which the claim arises. *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In order to recover attorney's fees, a secured creditor must establish that: (1) it was secured by property of a value in excess of the amount of the claim[i]; (2) the requested fees are reasonable; and (3) the agreement giving rise to the claim authorizes the recovery of the fees. *White v. Coors Distrib. Co.* (*In re White*), 260 B.R. 870, 880 (8th Cir. BAP 2001); *In re Spidel,* 207 B.R. 882, 885 (Bankr.W.D.Mo.1997). In determining the reasonableness of the fees, the court must consider whether the actions taken were reasonable and prudent in the circumstances in protecting the creditor's interest in the

collateral and whether the amounts sought for the services performed are reasonable. *White,* 260

B.R. at 880; *In re Cushard,* 235 B.R. 902, 906–07 (Bankr.W.D.Mo.1999).

Secured creditors are not entitled to be reimbursed for fees incurred in every action taken

by their counsel. *In re Kroh Bros. Development Co.,* 105 B.R. 515, 521 (Bankr. W.D. Mo. 1989).

"In determining whether a secured creditor should be reimbursed for its attorneys' fees, the

bankruptcy court has the responsibility of preventing overreaching by attorneys in their attempts

to be paid attorneys' fees from the estate." *Id.* at 520. While creditors "... are entitled to engage

counsel and pay for constant, comprehensive and aggressive representation, ... where services are

not reasonably necessary or where action is taken because of an attorney's excessive caution or

overzealous advocacy, courts have the right and the duty, in the exercise of their discretion, to

disallow fees and costs under § 506(b)." *Kroh,* 105 B.R. at 521 (*quoting In re Wonder Corp. of*

*Am.,* 72 B.R. 580, 591 (Bankr.D.Conn.1987)), *aff'd,* 885 82 B.R. 186 (D.Conn.1988). It is

unreasonable to seek reimbursement for fees "that are not cost justified either by the economics

of the situation or necessary to preservation of the creditor's interest in light of the legal issues

involved." *Kroh,* 105 B.R. at 521 (quoting *Matter of Nicfur–Cruz Realty Corp.,* 50 B.R. 162,

167–68 (Bankr.S.D.N.Y.1985)).  The creditor bears the burden of proof on each of these various

elements. *Id.* at 520.

Lender's Attorneys have requested $900.00 in fees for preparing and filing the proof of

claim ($550) and reviewing the Chapter 13 plan ($350).  These fees were likely flat fee amounts

but the Court is not bound by an attorney's flat fees.  Debtors contend that filing a proof of claim

could be considered a ministerial act and therefore, Lender did not need an attorney to perform

that task and should not be entitled to attorneys' fees.  The Court concedes that there is a split of

authority, but Debtors' own cited case finds that the filing of a proof of claim is more than a

8

ministerial act. The *Rangel* court stated that preparing a proof of claim incorrectly has serious

and far-reaching implications and found that retaining an attorney for preparation of a proof of

claim is reasonable. 408 B.R. at 665.  Preparing a proof of claim is not always a ministerial act

because an attorney must consider if the creditor is oversecured, proper filing procedures, etc.

*See In re Powe*, 278 B.R. 539, 555-56 (Bankr. S.D. Ala. 2002). This Court agrees.  But the Court

also acknowledges that there are certain administrative aspects involved such as filling out the

form, gathering information, and electronically filing the form.  *See In re Raygoza*, 556 B.R. 813,

823 (Bankr. S.D. Tex. 2016) (citing *In re Madison*, 337 B.R. 99, 105 (Bankr. N.D. Miss. 2006));

*see also*, Local Rule 2090-1.F.2 ([t]his Rule does not prohibit an authorized representative of a

corporation, partnership or trust from appearing at a § 341 meeting, filing a claim, voting

on a Chapter 11 plan, or voting to elect a trustee without an attorney).

While the Court believes that it was reasonable for the Attorneys to prepare and file a proof

of claim and review the plan, it does not believe that $900.00 is a reasonable fee for a large law

firm that regularly performs such tasks for lenders.  The time and labor involved for these tasks

should have been minimal for attorneys specializing in this area and familiar with the procedure.

The Attorneys would have needed to gather all account documents, review the documents,

calculate claim dates and prepare the proof of claim and review the Chapter 13 plan and

determine its effect on Lender's claim. However, there was nothing extraordinary or complex

involved in this case and the amount of the claimed fees should be reduced.  The Debtors'

counsel's fee is $300.00 per hour and the Court finds that a similar rate is appropriate for the

Lender's Attorneys.  The Court finds that it would not be unreasonable for the legal tasks

required to file a proof of claim and review the plan to take one (1) hour each.  Thus, the Court

finds that fees in the amount of $600.00 ($300.00/hour x 2 hours) is reasonable and will approve

Attorneys' fees in such amount.

### III. CONCLUSION

For the above reasons, the Court denies in part, and grants in part, Debtors' Amended

Objection to Notice of Postpetition Mortgage Fees, Expenses and Charges[ii]. The Court grants

Lender's Notice of Postpetition Fees in the reduced amount of $600.00. The Court denies

Lender's request in the amount of $300.00.

Dated: _____December 17, 2018_____          _____/s/ Dennis R. Dow_____

THE HONORABLE DENNIS R. DOW

UNITED STATES BANKRUPTCY JUDGE

---

[i] This element is not relevant in a Chapter 13 when a creditor is secured solely by the debtor's principal residence.
*See Rangel*, 408 B.R. at 663.
[ii] Debtors' objection regarding failure to meet escrow documentation requirements, if such statement could be
considered an objection, was withdrawn at the hearing.